UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMA MARCELLA, *et al.*                    CIVIL ACTION

VERSUS                                       NO. 24-780

HUNTINGTON INGALLS INC., *et al.*            SECTION M (4)


## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiffs Norma Marcella, Scott Marcella, Troy Marcella, and Toni Hebert, individually and as statutory heirs of decedent Ronald Marcella ("Marcella") (collectively, "Plaintiffs").[1]   Defendants Huntington Ingalls Inc. ("Avondale"), Hopeman Brothers, Inc. ("Hopeman"), and Liberty Mutual Insurance Company, as the alleged insurer of Wayne Manufacturing Corp. ("Wayne"), respond in opposition.[2]  Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons denying the motion because Avondale, Hopeman, and Wayne have raised colorable federal defenses that entitle them to a federal forum under the liberally-construed federal-officer removal statute, 28 U.S.C. § 1442(a)(1).

## I.      BACKGROUND

This is a personal injury case arising from alleged exposure to asbestos.  On October 21, 2023, Marcella died, and an autopsy later revealed that he had asbestos-related mesothelioma.[3] His widow and adult children, Plaintiffs, filed this suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Avondale, Hopeman, Wayne, and various other defendants,

---

[1] R. Doc. 25.
[2] R. Docs. 49; 52.
[3] R. Doc. 2-1 at 3.

alleging that Marcella was occupationally and environmentally exposed to asbestos in the 1960s and 1970s when he worked at Avondale's shipyard and at his family's restaurant near the shipyard, which was frequented by Avondale employees who carried asbestos fibers on their clothing.[4] Plaintiffs allege that the defendants failed to protect Marcella from, and warn him about, the dangers of asbestos.[5]

On March 27, 2024, Avondale removed this case to federal court on the basis of federal-officer jurisdiction under 28 U.S.C. § 1442(a)(1), raising a *Boyle* government contractor immunity defense and a *Yearsley* derivative sovereign immunity defense.[6]  Avondale asserts that, during Marcella's alleged period of exposure, Avondale built numerous vessels pursuant to federal contracts with the United States Navy, the United States Coast Guard, and the United States Maritime Administration, that all required Avondale to use asbestos-containing materials.[7]  Thus, says Avondale, to the extent that Plaintiffs are alleging that Marcella was exposed to asbestos-containing materials installed on those government-owned vessels, such exposure is necessarily attributable to federal contracts, entitling Avondale to a federal forum.[8]

## II.   PENDING MOTION

In their motion to remand, Plaintiffs argue that Avondale cannot raise a colorable federal defense.[9]  First, Plaintiffs, relying on an Eleventh Circuit case, *State v. Meadows*, 88 F.4th 1331 (11th Cir. 2023), contend that Avondale cannot avail itself of § 1442(a)(1) because the statute applies only to current, not former, federal officers, so as to prevent States from interfering with ongoing, as opposed to past and concluded, federal operations.[10]  Next, Plaintiffs argue that their

---

[4] *Id.* at 1-4.
[5] *Id.* at 8-22.
[6] R. Doc. 2 at 1, 7-8.
[7] *Id.* at 3.
[8] *Id.* at 1-9.
[9] R. Doc. 25.
[10] R. Doc. 25-1 at 3, 6-10.

failure-to-warn claims against Avondale fall outside of any acts Avondale was required to perform pursuant to a federal officer's direction and, thus, cannot form the basis for removal under § 1442(a)(1).[11]    Plaintiffs, relying on evidence produced in other asbestos cases, contend that Avondale cannot remove this case because no federal officer or contractual provision prevented Avondale from warning its employees about the dangers of asbestos, providing respiratory equipment, or implementing decontamination procedures.[12]    And, say Plaintiffs, because other district courts have dismissed Avondale's *Yearsley* and *Boyle* defenses on the merits, they are no longer colorable in similar failure-to-warn asbestos cases, like this one.[13]

In opposition, Avondale argues that it has met the liberally-construed requirements of § 1442(a)(1), because it was acting under federal contracts and at the direction of federal officers when the events that gave rise to this suit occurred.[14]    With respect to Plaintiffs' contention that § 1442(a)(1) applies only to current federal officers, Avondale points out that *Meadows*, an Eleventh Circuit case, is not binding precedent and contradicts *Latiolais v. Huntington Ingalls Inc.*, 951 F.3d 286 (5th Cir. 2020), where the *en banc* Fifth Circuit held that Avondale was entitled to a federal forum when it acted in accordance with federal contracts and at the direction of federal officers to install asbestos-containing materials on federal vessels.[15]    Avondale also cites numerous federal cases that have applied § 1442(a)(1) to former federal officers, including *Ditcharo v. Union Pacific Railroad Co.*, 2024 WL 1433652 (E.D. La. Apr. 3, 2024), where another section of this court rejected *Meadows* in favor of *Latiolais*.[16]    With respect to Plaintiffs' argument concerning Avondale's federal defenses, Avondale argues that Plaintiffs present an improper and "thinly

---

[11] *Id.* at 2-5, 10-27.
[12] *Id.*
[13] *Id.*
[14] R. Doc. 52.
[15] *Id.* at 14.
[16] *Id.* at 9-18.

veiled, premature motion for summary judgment on [the merits of] Avondale's federal defenses," but that Avondale is not required at this stage to win its case in order to be entitled to a federal forum under § 1442(a)(1).[17]  Avondale points out that the removal standard under § 1442(a)(1) is much more lenient than the summary-judgment standard, and "the *colorability* of Avondale's federal defenses is not impacted by later determinations of their merit."[18]  Avondale also states that, since the Fifth Circuit handed down *Latiolais*, every court that has considered, at the jurisdictional stage, whether Avondale stated colorable federal defenses under *Boyle* and *Yearsley* has concluded that Avondale is entitled to a federal forum for these asbestos-exposure claims.[19]

Hopeman and Wayne also respond in opposition to Plaintiffs' motion, arguing that remand is improper because they have asserted colorable *Boyle* and *Yearsley* defenses to Plaintiffs' strict liability claims against them as contractors, manufacturers, and suppliers, considering that the government required the use of certain asbestos-containing materials on the ships their employees worked on at Avondale in the 1960s and 1970s.[20]  Like Avondale, Hopeman and Wayne argue that, at the jurisdictional stage, they need only show that their federal defenses are plausible, not that they will ultimately prevail on them.[21]

## III.    LAW & ANALYSIS

Section 1442(a)(1) makes removable a civil action commenced in a state court against "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office."  28 U.S.C. § 1442(a)(1).  The statute "allows federal officers,

---

[17] *Id.* at 18-27 (quotation at 18).
[18] *Id.* at 25 (emphasis in original).
[19] *Id.* at 19-20.
[20] R. Doc. 49.
[21] *Id.* at 5-25.

and private entities assisting them, to remove cases to federal court that ordinarily would not be removable." *Martin v. LCMC Health Holdings, Inc.*, 101 F.4th 410, 414 (5th Cir. 2024) (citing *Latiolais*, 951 F.3d at 291). The federal-officer removal statute is designed to "give the designated class of defendants 'the protection of a federal forum' when they potentially incur liability under state law for performing 'their duty to enforce the law.'" *Id.* (quoting *Willingham v. Morgan*, 395 U.S. 402, 407 (1969)). "Even in situations where the parties are not diverse and no federal question is raised in the complaint, § 1442 allows a case to be removed if the federal actor asserts a federal defense." *Id.* (citing *Latiolais*, 951 F.3d at 291).

To remove a case under § 1442(a)(1), a private-entity defendant must show: (1) it has asserted a colorable federal defense, (2) it is a "person" within the meaning of the statute, (3) it has acted pursuant to a federal officer's directions, and (4) the charged conduct is connected or associated with an act pursuant to a federal officer's directions. *Id.* (citing *Latiolais*, 951 F.3d at 296). Although "[t]he absence of any element will defeat removal," courts "broadly construe the federal officer removal statute in favor of a federal forum." *Id.* Thus, the question whether to remand cases removed under the statute is weighed "without a thumb on the remand side of the scale." *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 607 (5th Cir. 1028) (quoting *Savoie v. Huntington Ingalls, Inc.*, 817 F.3d 457, 462 (5th Cir. 2016)).

After the 2011 amendment of the statute, "section 1442(a)(1) makes removable to federal court 'a civil action … that is against or directed to … any person acting under a federal officer … *for or relating to* any act under color of such office.'" *Latiolais*, 951 F.3d at 292 (quoting 28 U.S.C. § 1442(a)(1)) (emphasis added; alterations omitted). In *Latiolais*, the Fifth Circuit recognized that the statute "plainly expresses that a civil action *relating to* an act under color of federal office may be removed (if the other statutory requirements are met)." *Id.* (emphasis in

original).  And the Supreme Court has recognized that "the ordinary meaning of the words 'relating to' is a broad one – 'to stand in some relation; to have bearing or concern; to pertain; refer; to bring into association with or connection with.'"  *Id.* (quoting *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 383 (1992)) (brackets omitted).

> To be colorable, the asserted federal defense need not be clearly sustainable, as section 1442 does not require a federal official or person acting under him to win his case before he can have it removed.  Instead, an asserted federal defense is colorable unless it is immaterial and made solely for the purpose of obtaining jurisdiction or wholly insubstantial and frivolous. Certainly, if a defense is plausible, it is colorable.

*Id.* at 296-97 (internal quotation marks and citations omitted).

In this case, Avondale raises the government contractor immunity defense under *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).[22]  Under *Boyle*, the government contractor immunity defense applies "when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about the dangers in the use of the equipment that were known to the supplier but not to the United States."  *Id.* at 512.  Avondale relied on the same defense in *Latiolais* to successfully sustain their federal-officer removal.  951 F.3d at 297.

Since *Latiolais*, "courts have repeatedly held that Avondale can remove [asbestos cases arising out of exposures that occurred during the 1960s and 1970s] under the federal officer removal statute." *Falgout*, 2021 WL 4552549, at *1 (collecting cases).  The facts of this case are

---

[22] R. Doc. 1 at 7.  Avondale also raises the derivative sovereign immunity defense under *Yearsley v. W.A. Ross Constr. Co.*, 309 U.S. 18 (1940).  R. Doc. 1 at 8.  Because one federal defense is sufficient under § 1442(a)(1), it is unnecessary to analyze Avondale's *Yearsley* defense for purposes of federal-officer removal.  Similarly, because this Court finds that Avondale raises a plausible *Boyle* defense, it need not consider whether Hopeman and Wayne also raise colorable federal defenses.  However, for the reasons stated in *Jackson v. Avondale Indus., Inc.*, 469 F. Supp. 3d 689, 703-08 (E.D. La. 2020), the Court concludes that Hopeman and Wayne can also maintain federal jurisdiction under the federal-officer removal statute.  *See Falgout v. Anco Insulations, Inc.*, 2021 WL 4552549, at *1 (E.D. La. Oct. 5, 2021) (relying on *Jackson* to hold that Hopeman stated a colorable federal defense to asbestos-related claims arising from the construction of government vessels at the Avondale shipyard).

6

substantially the same as those in the other government-vessel asbestos cases against Avondale in which removal was upheld, and as was true in *Falgout*, there is nothing new in this case that would cause this Court to break with this precedent.  *Id.*  Indeed, Plaintiffs here do not challenge Avondale's assertion of its *Boyle* (or *Yearsley*) defense under § 1442(a)(1)'s colorability standard. Rather, Plaintiffs challenge *Latiolais*'s applicability on two other grounds: (1) the Eleventh Circuit's opinion in *Meadows*, and (2) a few district court cases that have rejected Avondale's federal defenses at the summary-judgment stage.  Neither argument defeats Avondale's right to removal under § 1442(a)(1).

Another section of this court has already rejected Plaintiffs' argument based on *Meadows*, *viz.*, that federal-officer removal does not extend to defendants that formerly acted pursuant to a federal contract or a federal officer's orders.  *Ditcharo*, 2024 WL 1433652, at *2-4.  The plaintiffs in *Ditcharo* sued Avondale in state court for asbestos-related claims arising from exposures that occurred in the 1960s and 1970s, when Avondale contracted with the government to construct and repair Navy ships.  Avondale removed the case to federal court, and plaintiffs sought remand, arguing that the *Meadows* decision precluded Avondale's removal because plaintiffs' claims arose from Avondale's former and concluded work as a government contractor, not any current work. In rejecting plaintiffs' argument, the *Ditcharo* court observed:

> In *Meadows*, the Eleventh Circuit held … that § 1442(a)(1) does not permit removal by former federal officers.  That court, however, did not comment on conduct of individuals who *formerly acted* under federal officers.  Further, the Fifth Circuit has previously held in factually similar circumstances as the present case that when Avondale has a federal contract with the Government to repair Navy ships, the second prong [of *Boyle*] is satisfied.  *Latiolais*, 951 F.3d at 291 ("Avondale's federal contract with the Navy for repairs to a navy ship satisfies the second condition" of the § 1442(a)(1) test.).  The Court is hesitant to twist the Eleventh Circuit's holding in Plaintiffs' favor to find that Avondale cannot remove the matter to this court because it formerly acted under the actions of the Navy.  Accordingly, the Court finds that Avondale's contract with the Navy in the instant matter satisfies their burden under the second prong.

*Id.* at *2 (alterations omitted; emphasis in original).  This Court agrees with the *Ditcharo* court's reasoning and holds that *Meadows* does not alter Avondale's right to federal-officer removal in this case.  *Meadows*, an Eleventh Circuit case, is not binding on this Court and is also factually distinguishable from the scores of cases within the Fifth Circuit that have allowed Avondale to avail itself of § 1442(a)(1) with respect to asbestos-exposure claims.  *Meadows* was a criminal case involving a former federal officer, not a civil case involving claims against a private entity arising from work completed under the direction of federal officers.  Again, there is nothing in *Meadows* that persuades this Court to act in contradiction to *Latiolais* and its progeny.

Plaintiffs second argument – namely, that Avondale's federal defenses are no longer colorable against failure-to-warn claims in asbestos cases because such defenses have been rejected by other district courts at the summary-judgment stage – is equally unpersuasive. Plaintiffs' argument fails to recognize that the federal-officer removal/remand standard is "considerably lower" than the one applied on summary judgment.  *See Boutte v. Huntington Ingalls Inc.*, 2023 WL 2367438, at *3 (E.D. La. Mar. 6, 2023) (holding that another court's summary judgment against Avondale, concluding that no *Boyle* defense existed on a failure-to-warn claim, did not foreclose the colorabilty of the federal defense for purposes of removal).  On a motion to remand, the question "is not whether the defense would survive summary judgment when examining the available evidence, but rather is the defense colorable for the case to remain in federal court with the appropriate subject matter jurisdiction." *Id.*; *see also Latiolais*, 951 F.3d at 296 ("To be colorable, the asserted federal defense need not be clearly sustainable, as section 1442 does not require a federal official or person acting under him to win his case before he can have it removed.").  For the same reasons outlined in *Boutte*, this Court finds that Avondale has asserted a colorable *Boyle* federal defense at this jurisdictional stage, and remand is not warranted.

**IV.**    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 25) is DENIED.

New Orleans, Louisiana, this 3rd day of June, 2024.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE