UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NORMA MARCELLA, *et al.*    CIVIL ACTION

VERSUS    NO. 24-780

HUNTINGTON INGALLS INC., *et al.*    SECTION M (4)

**ORDER & REASONS**

Before the Court is a motion for partial summary judgment filed by plaintiffs Norma Marcella, Scott Marcella, Troy Marcella, and Toni Hebert (collectively, "Plaintiffs") seeking dismissal of the *Boyle* and *Yearsley* government-immunity defenses raised by defendant Huntington Ingalls Incorporated ("Avondale") as those defenses relate to certain of Plaintiffs' state-law claims.[1]  Specifically, Plaintiffs seek a ruling that Avondale "is not immune from Plaintiffs' state law claims for failing to warn its employees of the dangers of asbestos, or from taking precautions to prevent the spread of asbestos dust at Avondale Shipyard during the employment and exposure of Ronald Marcella, from 1962 to 1964."[2]  In so arguing, Plaintiffs point out that other sections of this court have repeatedly granted similar motions in other cases presenting like claims.[3]  Avondale responds in opposition, arguing that all other sections of this court have reached the wrong conclusion by misapplying the applicable case law.[4]  Plaintiffs reply to reurge that Avondale has repeatedly failed to overcome similar motions for summary judgment

---

[1] R. Doc. 107.
[2] *Id.* at 1.  Plaintiffs also sought a ruling stating that Avondale is not immune from state-law claims arising from its "failure to prevent the spread of asbestos dust from the Avondale Shipyard[] to the public, including The Capri and Bridge Circle Inn restaurants where Mr. Marcella sustained para-occupational exposures to asbestos from Avondale workers." *Id.*  After Plaintiffs filed their motion, the Court dismissed without prejudice the para-occupational exposure claims on the joint motion of Plaintiffs and Avondale.  R. Doc. 109 (citing R. Doc. 104).  Accordingly, this ruling does not apply to those claims.
[3] R. Doc. 107-1 at 8 n.1 (collecting cases).
[4] R. Doc. 157.

1

filed in this district.[5] Plaintiffs note that Avondale has filed nearly identical briefs in all of the referenced cases.[6]

I. BACKGROUND

This is a personal injury case concerning alleged exposure to asbestos. Marcella died on October 21, 2023, and an autopsy later revealed that he had asbestos-related mesothelioma.[7] Plaintiffs, his widow and adult children, filed this suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Avondale and various other defendants, alleging that Marcella was occupationally and environmentally exposed to asbestos in the 1960s and 1970s when he worked at Avondale's shipyard.[8] Plaintiffs allege that defendants failed to protect Marcella from, and to warn him about, the dangers of asbestos.[9] On March 27, 2024, Avondale removed this case to federal court on the basis of federal-officer jurisdiction under 28 U.S.C. § 1442(a)(1), raising a *Boyle* "government contractor immunity" defense and a *Yearsley* "derivative sovereign immunity" defense.[10] Plaintiffs now move for partial summary judgment on those defenses.[11]

II. LAW & ANALYSIS

A. Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *Celotex*

---

[5] R. Doc. 168.
[6] *Id.* at 1-2.
[7] R. Doc. 2-1 at 3.
[8] *Id.* at 1-4. Plaintiffs also alleged that Marcella was exposed to asbestos at his family's restaurants near the shipyard, which were frequented by Avondale employees who carried asbestos fibers on their clothing. *Id.* The Court dismissed those claims without prejudice on the joint motion of Plaintiffs and Avondale. R. Doc. 109 (citing R. Doc. 104).
[9] R. Doc. 2-1 at 5-22.
[10] R. Doc. 2 at 1, 7-8.
[11] R. Doc. 107.

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56. "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact. *Id*. at 323. If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact. *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). The substantive law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd*., 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet,

a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*, 477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B). Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted. *See Little*, 37 F.3d at 1075-76.

**B. Discussion**

As Plaintiffs explain, their argument and Avondale's opposition are rather familiar to the Eastern District of Louisiana in failure-to-warn/failure-to-implement-safety-measures cases like this one. This Court has compared Plaintiffs' motion and Avondale's opposition to the "government immunity defense" summary-judgment motions and oppositions filed in other sections of this court and found them to be substantially similar, if not nearly identical. Having reviewed the orders granting those motions, this Court sees no reason to depart from the consistent holdings in those cases that Avondale is not entitled to use the *Boyle* and *Yearsley* government-immunity defenses as shields to the particular state-law claims asserted. *See LeBoeuf v. Huntington*

*Ingalls, Inc.*, 2025 WL 744152, at *2-4 & n.12 (E.D. La. Mar. 7, 2025) (collecting cases); *Constanza v. Sparta Ins. Co.*, 2025 WL 3227783 (E.D. La. Nov. 19, 2025); *Steib v. Huntington Ingalls, Inc.*, 2025 WL 2532696 (E.D. La. Sept. 3, 2025). Specifically, in this case, Plaintiffs' motion for partial summary judgment is granted as to finding that Avondale cannot use the *Boyle* and *Yearsley* government-immunity defenses against Plaintiffs' state-law claims alleging that Avondale (1) failed to warn its employees of the dangers of asbestos and (2) failed to take precautions to prevent the spread of asbestos dust at the Avondale shipyard during the employment and exposure of Marcella from 1962 to 1964.[12]

### III. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion for partial summary judgment (R. Doc. 107) is GRANTED, and Avondale is not permitted to use the *Boyle* and *Yearsley* government-immunity defenses against Plaintiffs' state-law claims alleging that Avondale (1) failed to warn its employees of the dangers of asbestos and (2) failed to take precautions to prevent the spread of asbestos dust at the Avondale shipyard during the employment and exposure of Marcella from 1962 to 1964.

New Orleans, Louisiana, this 11th day of December, 2025.

                                                BARRY W. ASHE
                                                UNITED STATES DISTRICT JUDGE

---

[12] Plaintiffs confirm that they do not bring a general negligence claim against Avondale for its "mere use of asbestos." R. Doc. 168 at 3.