UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


NORMA MARCELLA, *et al.*                                  CIVIL ACTION

VERSUS                                                   NO. 24-780

HUNTINGTON INGALLS INC., *et al.*                        SECTION M (4)


**<u>ORDER & REASONS</u>**

Before the Court are motions for summary judgment filed by the following defendants or third-party defendants: International Paper Company ("IP");[1] Foster Wheeler LLC ("Foster Wheeler");[2] General Electric Company ("GE");[3] Paramount Global, f/k/a ViacomCBS Inc., f/k/a CBS Corporation, a Delaware corporation, f/k/a Viacom Inc., successor by merger to CBS Corporation, a Pennsylvania corporation, f/k/a Westinghouse Electric Corporation ("Westinghouse");[4] Eagle, Inc. ("Eagle");[5] Bayer CropScience, Inc., as successor to Rhone-Poulenc AG Company, f/k/a Amchem Products, Inc., f/k/a Benjamin Foster Company ("Bayer")[6] (collectively, the "moving defendants").  Defendant and third-party plaintiff Huntington Ingalls Incorporated ("Avondale") responds in opposition to the motions,[7] and each defendant or third-party defendant replies in further support of its motion.[8]  Having considered the parties' memoranda, the record, and the applicable law, the Court denies all of the motions because there are disputed issues of material fact that preclude summary judgment.

---

[1] R. Doc. 97.
[2] R. Doc. 101.
[3] R. Doc. 102.
[4] R. Doc. 103.
[5] R. Doc. 106.
[6] R. Doc. 108.
[7] R. Docs. 151; 152; 153; 154; 155; 156.
[8] R. Docs. 162; 163; 165; 166; 167; 170.

## I.    BACKGROUND

This is a personal injury case concerning alleged exposure to asbestos.  Marcella died on October 21, 2023, and an autopsy later revealed that he had asbestos-related mesothelioma.[9]  His widow (Norma Marcella) and adult children (Scott Marcella, Troy Marcella, and Toni Hebert) (collectively, "Plaintiffs") filed this suit in the Civil District Court for the Parish of Orleans, State of Louisiana, against Avondale, Eagle, IP and various other defendants, alleging that Marcella was occupationally and environmentally exposed to asbestos in the 1960s and 1970s when he worked at Avondale's shipyard.[10]  Plaintiffs allege that defendants failed to protect Marcella from, and to warn him about, the dangers of asbestos.[11]  On March 27, 2024, Avondale removed this case to federal court on the basis of federal-officer jurisdiction under 28 U.S.C. § 1442(a)(1), raising a *Boyle* "government contractor immunity" defense and a *Yearsley* "derivative sovereign immunity" defense.[12]  Avondale then filed cross-claims against Eagle and IP, and third-party claims against GE, Foster Wheeler, Westinghouse, Bayer, and others, alleging that if Marcella was exposed to asbestos at Avondale, then these other entities, which were manufacturers and suppliers of asbestos-containing materials, were at fault, entitling Avondale to a virile share of credit should that fault be proven at trial.[13]

## II.    PENDING MOTIONS

The moving defendants all argue that they are entitled to summary judgment on Plaintiffs' and/or Avondale's claims against them because there is no evidence that Marcella, who was an

---

[9] R. Doc. 2-1 at 1.
[10] *Id.* at 1-4.  Plaintiffs also alleged that Marcella was exposed to asbestos at his family's restaurants near the shipyard, which were frequented by Avondale employees who carried asbestos fibers on their clothing.  *Id.*  The Court dismissed those claims without prejudice on the joint motion of Plaintiffs and Avondale.  R. Doc. 109 (citing R. Doc. 104).
[11] R. Doc. 2-1 at 5-22.
[12] R. Doc. 2, at 1, 7-8.
[13] R. Doc. 9 at 18-34.

office clerk at Avondale from May 1962 to May 1964, was exposed to their products, much less, that he was exposed in sufficient quantities that their products contributed to his mesothelioma.[14] They point out that Marcella, who died before suit was filed, was never deposed, thus there is no direct evidence placing him in the presence of their products.[15]  They also contend that the depositions of Marcella's co-workers are insufficient to establish that Marcella was exposed to their products, much less that the exposure was significant enough to contribute to his disease.[16]

In opposition, Avondale contends that there are disputed issues of material fact that preclude summary judgment.[17]  Avondale presents evidence that the moving defendants manufactured or supplied asbestos-containing products that were used in the construction of various ships built at Avondale during Marcella's tenure.[18]  And, says Avondale, as a clerk working for the superintendent in charge of the outfitting of various ships, Marcella was present in the engine rooms and living quarters of those ships on a regular basis, during which time he was likely exposed to the moving defendants' asbestos-containing products.[19]  Avondale argues that even the slightest exposure, above background levels, contributes to the development of mesothelioma.[20]  Avondale contends that there are sufficient disputed issues of material fact that would permit a jury to reasonably conclude that Marcella inhaled asbestos fibers from the moving defendants' products, even if from only slight exposures, and that such inhalation contributed to his mesothelioma.[21]

---

[14] R. Docs. 97; 101; 102; 103; 106; 108.
[15] R. Docs. 97; 101; 102; 103; 106; 108.
[16] R. Docs. 97; 101; 102; 103; 106; 108.
[17] R. Docs. 151; 152; 153; 154; 155; 156.  Plaintiffs did not file oppositions to the motions.
[18] R. Docs. 151; 152; 153; 154; 155; 156.
[19] R. Docs. 151; 152; 153; 154; 155; 156.
[20] R. Docs. 151; 152; 153; 154; 155; 156.
[21] R. Docs. 151; 152; 153; 154; 155; 156.

The moving defendants reply in support of their motions, reurging that Avondale has not presented any direct evidence that places Marcella in the vicinity of their asbestos-containing products.[22]  They emphasize that nobody testified that Marcella was present when their products were being used.[23]  They further argue that Avondale is impermissibly inviting the jury to speculate that Marcella came into contact with their products, which they say is insufficient.[24]

## II.    LAW & ANALYSIS

### A.  Summary Judgment Standard

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); Fed. R. Civ. P. 56.  "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  A party moving for summary judgment bears the initial burden of demonstrating the basis for summary judgment and identifying those portions of the record, discovery, and any affidavits supporting the conclusion that there is no genuine issue of material fact.  *Id*. at 323.  If the moving party meets that burden, then the nonmoving party must use evidence cognizable under Rule 56 to demonstrate the existence of a genuine issue of material fact.  *Id*. at 324.

A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).  The substantive

---

[22] R. Docs. 162; 163; 165; 166; 167; 170.
[23] R. Docs. 162; 163; 165; 166; 167; 170.
[24] R. Docs. 162; 163; 165; 166; 167; 170.

4

law identifies which facts are material. *Id*. Material facts are not genuinely disputed when a rational trier of fact could not find for the nonmoving party upon a review of the record taken as a whole. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014). Unsubstantiated assertions, conclusory allegations, and merely colorable factual bases are insufficient to defeat a motion for summary judgment. *See Anderson*, 477 U.S. at 249-50; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994). In ruling on a summary-judgment motion, a court may not resolve credibility issues or weigh evidence. *See Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). Furthermore, a court must assess the evidence, review the facts, and draw any appropriate inferences based on the evidence in the light most favorable to the party opposing summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014); *Daniels v. City of Arlington*, 246 F.3d 500, 502 (5th Cir. 2001). Yet, a court only draws reasonable inferences in favor of the nonmovant "when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

After the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must articulate specific facts showing a genuine issue and point to supporting, competent evidence that may be presented in a form admissible at trial. *See Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998); Fed. R. Civ. P. 56(c)(1)(A), (c)(2). Such facts must create more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. When the nonmovant will bear the burden of proof at trial on the dispositive issue, the moving party may simply point to insufficient admissible evidence to establish an essential element of the nonmovant's claim in order to satisfy its summary-judgment burden. *See Celotex*,

477 U.S. at 322-25; Fed. R. Civ. P. 56(c)(1)(B).  Unless there is a genuine issue for trial that could support a judgment in favor of the nonmovant, summary judgment must be granted.  *See Little*, 37 F.3d at 1075-76.

### B.  Liability for Asbestos Exposure

To prevail in an asbestos case under Louisiana law, a plaintiff or a plaintiff-in-crossclaim/third-party plaintiff must prove by a preponderance of the evidence that the plaintiff was exposed to asbestos from the defendant's (crossclaim/third-party defendant's) product and the exposure was a substantial factor in causing the plaintiff's injury.  *Rando v. Anco Insulations Inc.*, 16 So. 3d 1065, 1088 (La. 2009).  The evidence may be direct or circumstantial.  *Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022).  When there are multiple causes of injury, "a defendant's conduct is a cause in fact if it is a substantial factor generating plaintiff's harm." *Adams v. Owens-Corning Fiberglas Corp.*, 923 So. 2d 118, 122 (La. App. 2005) (citing *Vodanovich v. A.P. Green Indus., Inc.*, 869 So. 2d 930, 932 (La. App. 2004)).  Because there is a medically demonstrated causal relationship between asbestos exposure and mesothelioma, "every non-trivial exposure to asbestos contributes to and constitutes a cause of mesothelioma." *McAskill v. Am. Marine Holding Co.*, 9 So. 3d 264, 268 (La. App. 2009) (observing that the substantial-factor "burden can be met by simply showing that [the plaintiff] was actively working with asbestos-containing materials").  "Asbestos cases typically involve multiple defendants and courts have analyzed the cases under concurrent causation, a doctrine which proceeds from the assumption that more than one defendant substantially contributed to the plaintiff's injury." *Adams*, 923 So. 2d at 122 (citing *Vodanovich,* 869 So. 2d at 933).  "To defeat an asbestos defendant's motion for summary judgment, which is the relevant motion here, the [p]laintiffs need only show that a reasonable jury could conclude that it is more likely than not that [the

mesothelioma victim] inhaled defendant's asbestos fibers, even if there were only 'slight exposures.'" *Williams*, 23 F.4th at 512.

Because, as all parties acknowledge, there is no direct evidence that Marcella was exposed to asbestos dust attributable to the moving defendants' products, the question presented is whether there is sufficient circumstantial evidence to create a fact issue as to such exposure. There is. Avondale has pointed to sufficient evidence from which a reasonable jury could find that Marcella was exposed to asbestos dust (above background levels) emanating from products of each of the moving defendants. That is all that is required to overcome the summary-judgment motions.

## III.  CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that IP's motion for summary judgment (R. Doc. 97) is DENIED.

IT IS FURTHER ORDERED that Foster Wheeler's motion for summary judgment (R. Doc. 101) is DENIED.

IT IS FURTHER ORDERED that GE's motion for summary judgment (R. Doc. 102) is DENIED.

IT IS FURTHER ORDERED that Westinghouse's motion for summary judgment (R. Doc. 103) is DENIED.

IT IS FURTHER ORDERED that Eagle's motion for summary judgment (R. Doc. 106) is DENIED.

IT IS FURTHER ORDERED that Bayer's motion for summary judgment (R. Doc. 108) is DENIED.

New Orleans, Louisiana, this 12th day of December, 2025.


BARRY W. ASHE
UNITED STATES DISTRICT JUDGE